IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

RACHAEL BLACK,

      Plaintiff,

  v.                                    Civil Action 2:21-cv-2987
                                         Judge James L. Graham
                                         Magistrate Judge Kimberly A. Jolson

OHIO INDUSTRIAL
COMMISSION, et al.,

      Defendants.

## OPINION AND ORDER

This matter is before the Court on Plaintiff's Motion for Leave to Amend the Complaint (Doc. 9). Defendants filed a Response in Opposition to the Motion (Doc. 11), no reply was filed, and this matter is now ripe for review. For the following reasons, Plaintiff's Motion for Leave to Amend the Complaint (Doc. 9) is **GRANTED**. Plaintiff is **ORDERED** to file the First Amended Complaint within **fourteen (14) days** of the date of this Order. Defendants' Motion to Dismiss (Doc. 8) is **DENIED as moot**.

**I.    BACKGROUND**

This case began on June 1, 2021, when Plaintiff filed a complaint alleging employment discrimination under Title VII, The Equal Pay Act, and Ohio Revised Code Chapter 4112, against the Ohio Industrial Commission, its Chairman, and its Executive Director. (Doc. 1). Defendants requested an extension of time to respond to the complaint (Doc. 6), which was granted (Doc. 7). They then responded on July 29, 2021, filing a Motion to Dismiss (Doc. 8). When Plaintiff responded to that motion (Doc. 10), she concurrently filed the instant Motion (Doc. 9), seeking the Court's leave to amend her complaint to clarify her Equal Pay Act claim.

## II. STANDARD

Trial courts enjoy broad discretion in deciding motions for leave to amend. *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990). When a party seeks leave of court to amend a pleading, "[t]he court should freely give leave when justice so requires." Fed. R. Civ. P. 15(a)(2). This rule "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Finan. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)). In interpreting this Rule, "[i]t should be emphasized that the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citation and internal quotation marks omitted).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640–41 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

## III. DISCUSSION

Defendants urge the Court to refuse amendment on two grounds: 1) Plaintiff did not submit a proposed amended complaint for the Court's review; and 2) amendment would be futile.

As Defendants correctly identify, Plaintiff did not file a proposed amended complaint with her Motion, nor include any specific proposed language in the Motion itself. (*See* Doc. 9). In support of refusal, Defendants cite Sixth Circuit precedent finding no abuse of discretion by trial courts that refuse amendment when "the plaintiff did not submit a proposed amended complaint and failed to disclose what amendments he intended to make." *Kostyu v. Ford Motor Co.*, 798 F.2d 1414 (6th Cir. 1986). To decide whether leave to amend should be given, they argue, "the

2

district court must be able to determine whether 'justice so requires,' and in order to do this, the court must have before it the substance of the proposed amendment." *Roskam Baking Co., Inc. v. Lanham Mach. Co., Inc.*, 288 F.3d 895, 906 (6th Cir. 2002).

The Court does not disagree that the substance of the proposed amendment is necessary when granting leave to amend. Yet, a movant may provide the substance of the proposed amendment without providing the exact proposed language to be changed or added to the complaint. And a movant may, as the Plaintiff has done here, provide the substance of the proposed changes by making a general statement of intent. In her Motion, Plaintiff provides:

> Defendants filed a motion for partial dismissal of the complaint, asserting that Plaintiff did not provide facts from which an inference could be made that Defendants violated the Equal Pay Act within two years of the filing of the complaint. While Plaintiff strongly disagrees with this assertion, if this motion is granted, Plaintiff would clarify some of the original allegations.

(Doc. 9 at 3).

With that, the substance of the proposed amendment seems clear: Plaintiff intends to clarify the allegations related to her Equal Pay Act claim, particularly as they relate to the statute of limitations. She further clarifies that she does not seek to "change the nature of the relief requested." (*Id.* at 4). In other words, Plaintiff does not seek to add new claims or new parties. Rather, it is her stated intention to clarify the timing and nature of the allegations that give rise to her Equal Pay Act claim. This sufficiently narrows the substance of the proposed amendment, and the Court must consider whether justice requires that leave for amendment be given.

Plaintiff seeks amendment to clarify an alleged procedural obstacle to her Equal Pay Act claim, and have the claim resolved on its merits. Her purpose is thus aligned with the principle underlying this Circuit's liberal amendment standard—that cases should be resolved on their merits. *See Inge*, 388 F.3d at 936. Additionally, it is still early in this litigation and this is the first request Plaintiff has made to amend. Therefore, barring any serious countervailing reason, as

3

outlined in *Foman*, amendment should be "freely given." 371 U.S. at 182.

The Defendants do not claim, nor does the Court find, that this amendment was sought in bad faith, would cause undue delay or prejudice, or is the product of repeated failure to cure deficiencies. The Defendants do, however, claim that the amendment would be futile. Because Plaintiff has failed, in their estimation, to allege facts to establish that the Equal Pay Act violation occurred within the statute of limitations, even in the face of the pending motion to dismiss, they suggest she will be unable to do so in her amended complaint. (Doc. 11 at 3). But that remains to be seen. Plaintiff has indicated she will allege facts that establish a valid Equal Pay Act claim. Should she fail to do so, Defendants may then pursue a motion to dismiss under Rule 12(b)(6). Now, the Court does not find that Plaintiff's intended changes to the complaint would be futile.

In sum, given the liberal standard of this Circuit and the facts surrounding the instant Motion, justice requires that Plaintiff be granted leave to amend her complaint. No apparent reason, including futility, demands that leave not be freely given.

**IV.    CONCLUSION**

For the foregoing reasons, Plaintiff's Motion for Leave to Amend the Complaint (Doc. 9) is **GRANTED**. Plaintiff is **ORDERED** to file the First Amended Complaint within **fourteen (14) days** of the date of this Order. Defendants' Motion to Dismiss (Doc. 8) is **DENIED as moot**.


IT IS SO ORDERED.


Date:  September 27, 2021         /s/ Kimberly A. Jolson
                                  KIMBERLY A. JOLSON
                                  UNITED STATES MAGISTRATE JUDGE