IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF OHIO
EASTERN DIVISION

**RACHAEL BLACK,**

      **Plaintiff,**

   v.                                     **Civil Action 2:21-cv-2987**
                                               **Judge James L. Graham**
                                               **Magistrate Judge Kimberly A. Jolson**

**OHIO INDUSTRIAL**
**COMMISSION, et al.,**

      **Defendants.**

**OPINION AND ORDER**

This matter is before the Court on Plaintiff's Motion for Leave to File Her Second Amended Complaint *Instanter* (Doc. 27). Defendants filed a Response in Opposition to the Motion (Doc. 29), no reply was filed, and this matter is now ripe for review. For the following reasons, Plaintiff's Motion for Leave to File Her Second Amended Complaint *Instanter* (Doc. 27) is **GRANTED**. No further amendments will be granted. The Clerk is **DIRECTED** to file (Doc. 27-1) as the Second Amended Complaint. Defendants' Motion to Dismiss (Doc. 26) is **DENIED as moot**.

**I.    BACKGROUND**

This case began on June 1, 2021, when Plaintiff filed a complaint alleging employment discrimination under Title VII, The Equal Pay Act, and Ohio Revised Code Chapter 4112, against the Ohio Industrial Commission, its Chairman, and its Executive Director. (Doc. 1). Over the last several months, Defendants sought to dismiss Plaintiff's claims (Docs. 8, 26), while Plaintiff attempted to clarify her claims through amendment. Plaintiff previously moved to amend her complaint (Doc. 9), and amendment was granted (Doc. 17). Shortly after Plaintiff filed her

Amended Complaint (Doc. 20), she filed a Second Amended Complaint (Doc. 21).  Defendants requested that the second amendment, which was made without leave of the Court, be stricken.  (Doc. 24).  The Court granted that request (Doc. 25).

Plaintiff then brought the present motion to file her Second Amended Complaint.  (Doc. 27).  In that motion, she represents that "[d]uring the pendency of this litigation, Plaintiff has been proceeding pro se and trying to manage the time requirements of doing so in addition to a full-time job.  Plaintiff has also been interviewing potential counsel." (*Id.* at 1).  Given the possibility that Plaintiff would hire counsel—who might perhaps further move to amend the complaint—the Court gave Plaintiff twenty-one days to inform the Court whether she obtained counsel or would be proceeding with the action pro se.  (Doc. 32).  Plaintiff subsequently filed a notice of intent to proceed pro se.  (Doc. 33).  Now the Court turns to the present motion.

## II.   STANDARD

Trial courts enjoy broad discretion in deciding motions for leave to amend.  *See Gen. Elec. Co. v. Sargent & Lundy*, 916 F.2d 1119, 1130 (6th Cir. 1990).  When a party seeks leave of court to amend a pleading, "[t]he court should freely give leave when justice so requires."  Fed. R. Civ. P. 15(a)(2).  This rule "reinforce[s] the principle that cases 'should be tried on their merits rather than the technicalities of pleadings.'" *Inge v. Rock Finan. Corp.*, 388 F.3d 930, 936 (6th Cir. 2004) (quoting *Moore v. City of Paducah*, 790 F.2d 557, 559 (6th Cir. 1986)).  In interpreting this Rule, "[i]t should be emphasized that the case law in this Circuit manifests liberality in allowing amendments to a complaint." *Parchman v. SLM Corp.*, 896 F.3d 728, 736 (6th Cir. 2018) (citation and internal quotation marks omitted).

> In the absence of any apparent or declared reason—such as undue delay, bad faith or dilatory motive on the part of the movant, repeated failure to cure deficiencies by amendments previously allowed, undue prejudice to the opposing party by virtue of allowance of the amendment, futility of amendment, etc.—the leave sought should, as the rules require, be "freely given."

*Pittman v. Experian Info. Sols., Inc.*, 901 F.3d 619, 640–41 (6th Cir. 2018) (quoting *Foman v. Davis*, 371 U.S. 178, 182 (1962)).

Further, because Plaintiff moved to amend after the Court's amendment deadline, she "must meet the higher threshold for modifying a scheduling order found in Rule 16(b)." *Shane v. Bunzl Distrib. USA, Inc.*, 275 F. App'x 535, 536 (6th Cir. 2008). This means Plaintiff must "show good cause under Rule 16(b) for the failure to seek leave to amend prior to the expiration of the deadline before [the Court] will consider whether the amendment is proper under Rule 15(a)." *Hill v. Banks*, 85 F. App'x 432, 433 (6th Cir. 2003). This Court has noted that "the touchstone of the good cause inquiry under Rule 16(b) is whether the moving party acted diligently in attempting to meet the deadline set forth in the pretrial order." *Permasteelisa CS Corp. v. Airolite Co., LLC*, No. 2:06-cv-0569, 2007 WL 1683668, at *2 (S.D. Ohio June 8, 2007).

### III. DISCUSSION

The Court must first assess whether Plaintiff has demonstrated good cause under Rule 16(b). Namely, the Court asks whether Plaintiff has acted diligently in attempting to meet the deadline for amendment. As discussed, Plaintiff timely filed her first amendment with leave of the Court (Doc. 20), and only a few days later attempted to file her Second Amended Complaint (Doc. 21). This shows Plaintiff was diligently attempting to file the operative complaint and proceed with this action, though she did so in a procedurally improper manner.

Further, Plaintiff represents that she did not intentionally delay bringing the subsequent amendment. Rather, during her conversations with the counsel she interviewed, she was able to "clear[ ] up some allegations in the form of a Second Amended Complaint[.]" (Doc. 27 at 2). In other words, in discussing her claims with other attorneys, she clarified how best to present her complaint, and shorty thereafter attempted to do so. The Court finds that Plaintiff has acted with

3

reasonable diligence in seeking amendment, and thus there is good cause for amendment under Rule 16(b).

The Court next asks whether any reason—undue delay, repeated failure to cure, undue prejudice, or futility—outweighs the liberal policy in favor of amendment. As discussed above, the Court does not find that Plaintiff has delayed the proposed amendment in bad faith. Nor does she exhibit—in attempting only her second amendment of the complaint—a repeated failure to cure deficiencies. Nor are her proposed amendments clearly futile. And finally, the Court finds that allowing amendment at this early stage of the litigation would not unduly prejudice Defendants. At base, the liberal policy in favor of amendment, and the leniency afforded pro se plaintiffs, counsel in favor of granting amendment. Plaintiff's Motion for Leave to File Her Second Amended Complaint *Instanter* (Doc. 27) is **GRANTED**. Additionally, because the operative pleading will now change, Defendants' Motion to Dismiss (Doc. 26) is **DENIED as moot**.

Yet, as Defendants rightly identify, all parties before this Court—including those proceeding pro se—must comply with the federal and local rules. And though Plaintiff should be afforded some degree of leniency while pursuing this action pro se, she is also an attorney. Accordingly, though the Court now grants leave for amendment, it notes that no further amendments will be granted. This case must proceed past the pleading stage, and Defendants must be afforded the opportunity to pursue a motion to dismiss. Any future amendment would unduly delay this litigation and prejudice Defendants.

## IV. CONCLUSION

For the foregoing reasons, Plaintiff's Motion for Leave to File Her Second Amended Complaint *Instanter* (Doc. 27) is **GRANTED**. No further amendments will be granted. The Clerk

4

is **DIRECTED** to file (Doc. 27-1) as the Second Amended Complaint. Defendants' Motion to Dismiss (Doc. 26) is **DENIED as moot**.

IT IS SO ORDERED.

Date: February 14, 2022                          /s/ Kimberly A. Jolson
                                                 KIMBERLY A. JOLSON
                                                 UNITED STATES MAGISTRATE JUDGE